IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RACHEL LYDIA RAND

Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Defendant.

Civ. No. 3:26-cv-00821-AA

**OPINION & ORDER**

AIKEN, District Judge.

Self-represented Plaintiff Rachel L. Rand has filed an amended complaint, ECF No. 6, in response to the Court's dismissal of her original Complaint, ECF No. 5. For the reasons set forth below, Plaintiff's Amended Complaint is DISMISSED without further leave to amend.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess

whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Amended Complaint makes two claims: (1) "Medical Arbitrary Diagnosis; and (2) "Ineffective Treatments." Compl. at 1-2. Neither claim is cognizable as labeled, but the Court infers, as it did in its previous opinion, that Plaintiff brings a medical malpractice/medical negligence claim against Defendant Department of Veteran Affairs ("VA").

Courts may "consider an affirmative defense on a motion to dismiss when there is 'some obvious bar to securing relief on the face of the complaint.' In other words, dismissal based on an affirmative defense is permitted when *the complaint* establishes the defense." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019) (quoting *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (emphasis in original)).

Here, Plaintiff is bringing suit against the Federal Government, so the Federal Tort Claims Act ("FTCA") applies. To bring a tort claim against a federal agency, such as the VA, a person must "present[] the claim to the appropriate Federal agency" and the claim must either "been finally denied by the agency in writing" or the agency must fail to "make final disposition of a claim within six months after it is filed[.]" 28 U.S.C. § 2675(a). The claim is subject to a statute of limitations enshrined in the FTCA:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Such a claim is also subject to a second statute of limitations. § 2401(a). That statute requires all civil actions against the United State to be filed within six years of the claim accruing. *Id.*

Here, Plaintiff's Amended Complaint runs into several issues, any of which demand dismissal. First, Plaintiff does not allege that she submitted a claim to the VA for the injuries alleged in the complaint. That factual allegation is necessary for either of Plaintiff's claims to survive a motion to dismiss.

Second, the dates provided by Plaintiff for the alleged injuries fall outside the statute of limitations. Plaintiff first filed this action in April 2026. ECF No. 1. As such, the claims had to accrue in April 2020 or later.

Plaintiff's "Medical Arbitrary Diagnosis" is a diagnosis of schizophrenia made by the VA. Plaintiff disagrees with the diagnosis of schizophrenia because "[t]he 'voices' are likely of a wireless communications nature due to my father's training and career in microwave long distance communications and my emerging political career rather than some physical brain abnormality that can be treated with a medication." Compl. at 2. That is an implausible basis for misdiagnosis. Courts may dismiss an IFP claim as factually frivolous if it is "fanciful," "fantastic," or "delusional," which occurs when "the facts alleged rise to the level of the irrational or the wholly

incredible, whether or not there are judicially noticeable facts to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992). Plaintiff's allegations concerning her diagnosis meet this standard and so warrant dismissal.

In regard to the statute of limitations, Plaintiff states that the diagnosis was made in August 2004. *Id.* at 2. While Plaintiff then describes the "first hospital stay in August 2024," in context that is clearly a typo meant to be 2004. First, the previous two paragraphs describe events in 2004. Further, in the paragraph that states "2024," Plaintiff describes the "first hospital stay" as causing her "inability to sleep properly." Compl. at 1. The paragraph continues to say that "[s]leep problems have been the primary cause of mental hospital 'incarcerations' in 2005, 2006, 2009, 2011, 2012, 2018, 2023[.]" *Id*. Additionally, Plaintiff states that in August 2004 "I went to the VA because I had been homeless for 4 years and needed to 'get off of the streets'" and that "I did not have sleep problems before I came to the VA for help with my chronic homelessness." Clearly, Plaintiff's inability to sleep did not start in 2024, and in context, 2004 is the date that Plaintiff alleges the diagnosis was made and medication was prescribed during Plaintiff's first hospital stay.

Plaintiff describes dramatic incidents that she blames on the diagnosis in many different years: 2005, 2006, 2009, 2011, 2012, 2014, 2018, 2023, 2024, and 2025. While some of the dates fall within the six-year limit, the question is when the claim *first* accrued. Plaintiff's issues were documented well before 2020, so the claim is outside the six-year limitation period.

Turning to the claim for ineffective treatment, she alleges that "[t]reatments of 'steroid creams' notated on 01APR2014 . . . were ineffective[.]" Compl. at 2. She also alleges that "Prescription of 'Divalproex 250mg 24hr' (noted in VA medical record on 25DEC2009 and other places) was likely the main cause of major weight gain." *Id.* Finally, Plaintiff states that there was "massive inaccurate recording of my dictation of daily consumption routines." *Id.* (emphasis in original). The date given for this alleged dictation error is August 4, 2004. All dates given by Plaintiff for this claim—2004, 2009, and 2014— fall beyond the six-year limit.

In sum, both claims are subject to the FTCA, and Plaintiff failed to plead that she submitted her claim to the VA. Additionally, both claims fall outside the statutory six-year limitations period. And finally, the claim regarding the errant diagnosis is irrational to the degree of delusional because Plaintiff alleges that the "voices" in her head are both real and the result of her father's career and her own political ambitions. As such, amendment would be futile and Plaintiff's Amended Complaint is dismissed without leave to amend. As such, all pending motions are denied as moot.

**CONCLUSION**

For the reasons set forth above, the Amended Complaint, ECF No. 6, is DISMISSED without leave to amend. All pending motions are DENIED as MOOT.

It is so ORDERED and DATED this 15th day of October 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge